IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| FREDERICK HALL, *et al.*, | : | Case No. 1:20-cv-918 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| JOHN D. CULLINAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiffs' Motion Under Fed. R. Civ. P. 25 to Substitute New Patent Owner Norge Holdings, LLC as a Plaintiff (Doc. 41). Defendants have responded in opposition (Doc. 43), to which Plaintiffs replied in support (Doc. 44). Thus, this matter is ripe for review. For the reasons below, Plaintiffs' Motion Under Fed. R. Civ. P. 25 to Substitute New Patent Owner Norge Holdings, LLC as a Plaintiff (Doc. 41) is **GRANTED**.

## BACKGROUND

Plaintiffs instituted this action on November 12, 2020, in connection to a patent owned by Plaintiff Frederick Hall and licensed to Plaintiff Alien Technologies Corp. ("Alien"). (Compl., Doc. 1, ¶¶ 12-14.) In an Assignment that became effective on May 26, 2021, Hall assigned all of his rights, interest, and title in the patent-in-suit to Norge Holdings, LLC ("Norge Holdings"). (Assignment, Doc. 41-6; Hall Dec., Doc. 41-2, Pg. ID 1084.) Hall additionally assigned to Norge Holdings all of his rights, interests, and

obligations related to his Licensing Agreement with Alien. (Assignment Agreement, Doc. 41-5; Hall Dec., Doc. 41-2, Pg. ID 1084.) Further, pursuant to the Assumption of Liability Agreement, Norge Holdings assumed all potential liabilities of Hall related to these proceedings. (Assumption of Liability Agreement, Doc. 41-6; Hall Dec., Doc. 41-2, Pg. ID 1084.) Plaintiffs now move to substitute Norge Holdings for Hall as a party to this case. (*See* Doc. 41.)

Defendants do not dispute that Norge Holdings is the owner of the patent at issue, or that Fed. R. Civ. P. 25 is the proper mechanism by which to join Norge Holdings to this case. (Response in Opposition, Doc. 42, Pg. ID 1103.) Defendants instead argue that Norge Holdings should be joined—rather than substituted—as a party. (*Id.* at Pg. ID 1102-04.) Specifically, Defendants argue that they would be unable to engage in efficient discovery if Hall were removed as a party because Defendants would be "forced to use third-party discovery processes" for discovery related to Hall. (*Id.* at Pg. ID 1104.) Defendants additionally raise issue with the legitimacy of Hall's use of a corporate entity and the impact it could have on Defendants' potential recovery against Plaintiffs. (*Id.* at Pg. ID 1103.)

In response, Plaintiffs maintain that substitution is proper. Plaintiffs assert that Hall has consented to participating in any discovery or testimony requests that relate to his role as president of Alien or as a member of Norge Holdings. (Reply in Support, Doc. 44, Pg. ID 1109; Hall Dec., Doc. 41-2, Pg. ID 1085.) Moreover, Plaintiffs argue that Defendants have failed to cite to any caselaw "in which a court refused to substitute an otherwise proper party solely based on the lawful use of a corporate entity." (Reply in

Support, Doc. 44, Pg. ID 1110.) Plaintiffs also argue that any concern about the use of "'shell' corporations are not at issue" in this case. (*Id.* at Pg. ID 1109.)

## LAW & ANALYSIS

Rule 25(c) provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Rule 25 is a "procedural device designed to facilitate the conduct of a case, and does not affect the substantive rights of the parties or the transferee." *Roxane Labs., Inc. v. Abbott Labs.*, No. 2:12-cv-312, 2012 U.S. Dist. LEXIS 162626, at *5 (S.D. Ohio Nov. 14, 2012) (citation omitted). "Rule 25(c) does not require that anything be done after an interest has been transferred." *Blachy v. Butcher*, 221 F.3d 896, 911 (6th Cir. 2000) (quotation omitted). Rather, "[t]he rule expressly permits parties to continue in an action, even if they do not remain the real party in interest, as long as the cause of action itself survives the transfer to the new party." *Verizon Advanced Data Inc. v. FrogNet, Inc.*, No. 05-cv-955, 2011 WL 6340262, at *11 (S.D. Ohio Dec. 19, 2011) (quotation omitted). Because Rule 25(c) is merely a procedural device designed to facilitate the conduct of a case, a decision under the Rule generally falls within the district court's discretion. *Roxane Labs.*, No. 2:12-cv-312 at *6.

The substitution of Norge Holdings for Hall as a party to this case is proper. As an initial matter, "it would be imprudent to maintain [Hall] as a party simply for the ease of discovery." *Roxane Labs.*, 2012 U.S. Dist. LEXIS 162626 at *6. Here, Hall has consented to complying with any discovery required as the president of Alien or as a member of Norge Holdings. (Hall Dec., Doc. 41-2, Pg. ID 1085.) Thus, Defendants' discovery concerns are

unfounded and, therefore, insufficient to justify retaining Hall as a party.

Moreover, substitution will not deprive Defendants from pursuing potential judgments against Plaintiffs for counterclaims. The record clearly demonstrates that Hall has properly transferred all of his rights, title, and interest in the patent-in-suit to Norge Holdings. (*See* Assignment, Doc. 41-4.) In turn, Norge Holdings has assumed all of Hall's potential liabilities in connection with this case. (*See* Assignment Agreement, Doc. 41-5; Assumption of Liability Agreement, Doc. 41-6.) Thus, as the substituted party, Norge Holdings will be bound by the decisions of this Court in this litigation. *See United Access Techs., LLC v. EarthLink, Inc.*, No. 2-272-MPT, 2012 WL 2175786, at *5 (D. Del. June 14, 2012) ("Because [the substituted party] succeeded to Original Plaintiff's interest in the litigation, and as a real party in interest, . . . it is responsible for any judgment for taxable costs.").

Therefore, the Court is unpersuaded by Defendants' arguments and finds substitution is appropriate here.

## CONCLUSION

Accordingly, Plaintiffs' Motion Under Fed. R. Civ. P. 25 to Substitute New Patent Owner Norge Holdings, LLC as a Plaintiff (Doc. 41) is **GRANTED**. Plaintiff **SHALL FILE** an amended complaint reflecting the substitution of Norge Holdings, LLC as a named Plaintiff within fourteen (14) days from the date of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND